**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**Case No.: 1:15-cr-20545-JAL-1-LENARD/GOODMAN**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

GUILLERMO SANCHEZ-BADIA,

      Defendant.

_____/

### DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND INCORPORATED MEMORANDUM OF LAW

Defendant, **GUILLERMO SANCHEZ-BADIA ("SANCHEZ")**, by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 7(f), files this Motion[1] for Bill of Particulars and Incorporated Memorandum of Law, and requests this Court direct the Government to set forth with particularity the following:

As to Count 1 of the Indictment charging SANCHEZ with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, (D.E. 3), Defendant moves this Court for the entry of an Order requiring that the hereinafter designated matters be set forth with particularity to permit Defendant to properly defend himself at trial:

    A. State all of the companies to which SANCHEZ allegedly transferred the allegedly fraudulent proceeds. (D.E. 3:7 ¶ 7);

    B. Describe with specificity the alleged "false and fraudulent" nature of the documents allegedly submitted to obtain a loan from the Ex-Im Bank.  (D.E. 3:7, ¶ 10);

---

[1]  The January 6, 2016, deadline for filing pretrial motions has passed, rendering the instant Motion, technically, untimely.  However, SANCHEZ' timely filed Unopposed Motion For Extension of Time to File Pretrial Motions, (D.E. 55), is still pending before this Court.

    C. State with specificity what "portion of the Ex-Im Bank loan proceeds" SANCHEZ allegedly used to fraudulently pay off earlier factored invoices.  (D.E. 3:8, ¶ 12);

    D. State with specificity what "portion of the fraudulently obtained proceeds" that SANCHEZ allegedly kept for his personal benefit. (D.E. 3:8, ¶ 15).

As to Counts 2–8 of the Indictment charging SANCHEZ with wire fraud, in violation of 18 U.S.C. § 1343, (D.E. 3), Defendant moves this Court for the entry of an Order requiring that the hereinafter designated matters be set forth with particularity to permit Defendant to properly defend himself at trial:

    A. Describe with specificity the "materially false and fraudulent pretenses, representations and promises" the SANCHEZ allegedly made "to defraud and to obtain money and property."  (D.E. 3:10 ¶ 5).

As to Count 9 of the Indictment charging SANCHEZ and his co-Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), (D.E. 3), Defendant moves this Court for the entry of an Order requiring that the hereinafter designated matters be set forth with particularity to permit Defendant to properly defend himself at trial:

    A. State with specificity how SANCHEZ allegedly concealed and disguised the nature, location, source, ownership, and control of the proceeds of the alleged unlawful activity.  (D.E. 3:11–12 ¶¶ 1–2).

As to Counts 10–24  of the Indictment charging SANCHEZ with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (D.E. 3), Defendant moves this Court for the entry of an Order requiring that the hereinafter designated matters be set forth with particularity to permit Defendant to properly defend himself at trial:

    A. Explain the manner in which SANCHEZ allegedly "conceal[ed] and disguise[d] the nature, location, source, ownership, and control of the

proceeds of the specified unlawful activity."  (D.E. 3:12–13 ¶ 2).

## I.    FACTUAL BACKGROUND

1.        On July 16, 2015, an Indictment was returned against SANCHEZ, along with co-defendants Isabel C. Sanchez and Gustavo J. Giral, charging SANCHEZ with one (1) count of conspiracy to commit wire fraud in violation of 18 U.S.C. §  1349 (Count 1), seven (7) counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 2 – 8), one (1) count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 9), and fifteen (15) counts of money laundering in violation of 18 U.S.C. § 1956 (a)(1)(B)(i) (Counts 10–24).

2.        Following the Government's request for a three (3)-day extension at SANCHEZ' July 23, 2015, initial appearance, a pretrial detention Order was entered against SANCHEZ on July 28, 2015.

3.        On December 8, 2015, SANCHEZ filed his Motion to Revoke Pretrial Detention Order and Incorporated Memorandum of Law, pursuant to 18 U.S.C. § 3145(b).  (D.E. 51).  The Government Responded on December 23, 2015,   (D.E. 52); SANCHEZ filed his Reply on December 29, 2015. (D.E. 53).

4.        On January 8, 2016, the Court, entered an Order denying SANCHEZ' Motion to Revoke the Magistrate Judge's Pretrial Detention Order and denying SANCHEZ' Motion for a Hearing.  (D.E. 56).

5.        Trial in this matter is presently set for March 2, 2016.

## II.    MEMORANDUM OF LAW

Fed. R. Crim. P. 7(c) provides, in relevant part, that an Indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  "The court

may direct the government to file a bill of particulars." Fed. R. Crim. P 7(f). Defendant is entitled to be provided the information sought herein in order to be fully and fairly apprised of the facts underlying the Indictment, and to fairly meet the Government's allegations in order to defend same. The Government has not specifically identified how SANCHEZ' actions fit within the conduct prohibited by 18 U.S.C. § 1349, 18 U.S.C. § 1343, 18 U.S.C. § 1956(h), or 1956(a)(1)(B)(i).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985); Mars v. Mounts, 895 F.2d 1348, 1357 (11th Cir. 1990). Defendant is mindful that a bill of particulars does not serve the purpose of affording a defendant "detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). However, it is within the District Court's discretion whether to order same. See Warren, 772 F.2d at 837.

Here, absent a bill of particulars, SANCHEZ' safeguard in being able to properly defend himself at trial is at serious risk. SANCHEZ requests this Court direct the Government to file a Bill of Particulars so he may protect these rights. Clearly, under these circumstances, it is appropriate for the Government to be required to provide the requested information ("how," "what," and "when") as to the Indictment so that Defendant will be able to defend himself at trial.

4

**WHEREFORE**, Defendant, **GUILLERMO SANCHEZ-BADIA**, respectfully requests that this Court enter its Order directing the Government to provide Defendant with a Bill of Particulars setting forth the allegations in the twenty-four (24) count Indictment with specificity and particularity so that Defendant's right to adequately defend himself at trial is fully protected, and grant such other relief as may be just and proper.

Respectfully submitted,

**GRAY ROBINSON, P.A**
Attorneys for Defendant
333 SE 2nd Avenue
Suite 3200
Miami, Florida  33131
Telephone #: (305) 416-6880
Facsimile #: (305) 416-6887
joel.hirschhorn@gray-robinson.com
alex.strassman@gray-robinson.com

By: s/Joel Hirschhorn
        JOEL HIRSCHHORN
        Florida Bar #104573

        s/Alexander Strassman
        ALEXANDER STRASSMAN
        Florida Bar No. 111788

## COMPLIANCE WITH LOCAL RULE 88.9

I HEREBY CERTIFY that I conferred in good faith with Assistant United States Attorneys Patrick Donley and William Bowne with respect to this Motion, who advised that the Government opposes the relief requested herein.

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  January 26, 2016,  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Joel Hirschhorn
JOEL HIRSCHHORN
