UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____ D.C.

APR 2 2 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Guillermo A. Sanchez-Badia
Petitioner

    v.

CASE NO.:17-22171-CV-LENARD/REID
15-20545-CR-LENARD/REID

Unites States of America
Respondent

_____/

MOTION OF REDUCTION IN SENTENCE PURSUANT TO RULE 60(b)

The Movant, Guillermo A. Sanchez-Badia, pro-se, hereby files this motion of
for reduction in sentence pursuant to Rule 60(b).

CRIMINAL PROCEEDINGS

On March 21, 2016, petitioner entered into a written plea agreement with the
government, agreeing to plead guilty to three counts; (1) conspiracy to commit wire
fraud, (2) wire fraud, and (3) conspiracy to commit money laundering.

Prior to sentencing, the United States Probation Office prepared a
Presentence Investigation Report ("PSI"). In the victim impact section, the PSI
provided that as a result of petitioner's offenses, The Factor Group alleged it
suffered loses totaling over $7 million, resulting in insolvency, substantial
retirement and investment losses, the closing of businesses in two countries, and
the loss of 120 jobs. The total losses for the three reporting victims were in excess
of $10 million.

According to the PSI, petitioner's initial base offense was level 7 and he was charged with loss amount in the range of more than $9,500,000 but not more than $25,000,000.  Counsel for the petitioner did disagree with the loss amount, but rather than focus on a proper loss amount, counsel incorrectly asserted that the petitioner was not the sole cause of The Factor Group's insolvency.

This argument had no effect on the final sentence, which was 144 months after a downward variance, based on age and the petitioner's current health.  The restitution was determined to be $11,503,068.

## JURISDICTION

Federal Rules of Civil Procedure 60(b) enumerated specific circumstances in which a part may be relieved of the effect of a judgement such as mistake, newly discovered evidence, fraud and the like.  The rule concluded that a Court may lift a judgment for any reason that justifies relief.

Relief under 60(b) is only available in "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535, 135 S. Ct. 2641, 162 L.Ed.2d 280 (2005). Determining whether such circumstances are present may include consideration of a wide array of factor including "the risk of injustice to the parties" and the "risk of undermining the public confidence in the judicial process."  Liljeberg v. Health Acquisition Corp., 486 U.S. 847, 863-64, 108 S.Ct. 2194, 100 L.Ed. 855 (1987).

In fact, "the second circuit has explained that Federal Rule of Civil Procedure is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses."  Jackson v. Pfau, No 9:10-cv-1484, 2012, U.S. Dist 193460, 2012 WL 12883375 and 2(N.D. of N.Y. Jan 10, 2012)(quoting Transaero v. La Fuerza Aerea Bolivariana, 24 F.3d, 457, 461 (2nd Cir. 1984)).

Additionally, Rule 60(b) of the Federal Rule of Civil Procedure is "properly invoked only when extraordinary circumstances justify relief or when the judgement may work an extreme or undue hardship." Jackson, 2012 U.S. Dist. LEXIS 193460, 2012 WL 12883375 at 2 (quoting Empressa Cubano Del Tobacco v. General

Cigar Co., Inc., 385 Fed. Appx. 29, 31 (2nd Cir 2010).  The Court has long recognized there are a class of cases where the conduct of counsel's actions brought under 60(b)(3) don't amount to fraud, per se, nevertheless qualify under the rules "savings clause".

In Companiello v. Imports Saporti Italia, 117 F. 3d 655, 661 (2nd Cir. 1997), it was held "60(b)'s savings clause allows a Court to relieve a part from judgment, order or proceeding, or is to set aside judgment from fraud upon the Court." Congress clearly wished to provide for such situation and made it part of the statute.

"A motion pursuant to Fed. R. Civ. P. 60(b) to vacate a judgment denying a habeas petition is not the same as a successive petition.  It served a different purpose.  If successful, it results in the reopening of the original petition, not the vacatur of the underlying conviction and raises different issues.  Accordingly, such a motion is not subject to the gate keeping requirements applicable to successive petitions." Rodriguez v. Mitchell, 252 F.3d 191, 200 (2nd Cir. 2001).  "Not much is required to render a claim meritorious for Rule 60(b) purposes.  Patraker v. The Council of the Environment of New York City, 02-cv-7382(LAK) – Judge Lewis A. Kaplan.

Additionally, Rule 60(b)(3) provided relief from a final judgment where the opposing part has committed fraud.  Fed. R. Civ. P. 60(b)(3).  Motions under Rule 60(b) must be brought within one year of the relevant judgment.  Id, 60(c)(1).  The movant must establish that the opposing party obtained the order of judgment through fraud.  Cox Nuclear Pharm, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007).  Mere conclusory statements of the existence of fraud will not suffice. Booker, 825 F.2d 283-84.

Rule 60(b)(6), or "the catch all provision" authorized relief for "any other reasons justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6); Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).  Relief under this clause is an extraordinary remedy, which may be invoked only upon a showing of exceptional circumstances and that absent such relief, and extreme and undue hardship will

motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Cano, 435 F.3d at 1342.

Rule 60(b) motions must be filed within a "reasonable time", or the subsection (1), (2), and (3) within a year of judgment. Importantly, the fact that the rule itself imposed different time limits on motions under Rule 60(b)(6) and 60(b)(1)-(3), has led to the conclusion that grounds specified under other subsections will not justify relief under subsection (6). Seven Elves, Inc. v. Skenazi, 635 F.2d, 396, 402 N 3 (5th Cir. 1981).

However, after the one year for filing a Rule 60(b)(3) motion has passed, a party may bring an independent action of fraud on the Court. Fed. R. Civ. P. 60(d)(3); Traveler's Indem Co, v. Gore, 761 F.2d 1549, 1551 (11th Cir.1985). The "Fraud on the Court" standard is more exacting than the standard for fraud under Rule 60(b)(3); encompassing only the most egregious misconduct, such as bribery of a judge, or member of a jury, or the fabrication of evidence by a party in which an attorney is implicated. Rozier v. Ford Motor Co., 573 F.2d 1332, 1333 (5th Cir. 1978).

To succeed in an action under 60(d), a party must show: (1) a judgment which ought not, in equity and good conscious, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident or mistakes which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any remedy of law. Traveler's Indem Co., 761 F.2d at 285.

Therefore, since this is not a successive 28 U.S.C. § 2255, but rather a new cause of action and it should be decided by the Court based on the evidence and arguments included herein without having to meet the gate keeping requirements.

## LEGAL ARGUMENT

Petitioner Sanchez-Badia is qualified to file a motion to correct and reduce his sentence pursuant to Fed. R. Civ. P. 60(b). Additionally, this is not a second or successive motion pursuant to a 28 U.S.C. § 2255 which necessitates the gate

keeping requirements that must be met and approved at the appellate level. It is instead a new motion based on the issues discussed prior, but new case law requires the Court to take a deeper look at these issues in order to avoid a "miscarriage of justice" as occurred in the recently decided Supreme Court case, United States v. Buck, 137 S. Ct. 759 L.Ed.2d 1, 2017 U.S. LEXIS 1429, 85 U.S.L.W. 403, 26 Fla L Weekly Fed. S 419 (2017).

     The key point of this case that relates to the instant case is that the Supreme Court allowed a defendant to bring a motion for relief under Fed. R. Civ. P. 60(b), which vests wide discretion in Courts but judicial precedent holds that with relief under Rule 60(b) present, a Court may consider a wide range of factors that may include, in an appropriate case, the risk of injustice to the parties and the "risk of undermining the local judicial process". Liljeberg v. Health Services Acquisition, Corp., 486 U.S. 847, 863-64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1987).

     These conditions exist here. Unfortunately, the Court still felt justified in the sentence they gave at the time of sentence. However, many problems still exist with this sentence. These problems are discussed in detail in the following paragraphs.

     First of all, Petitioner Sanchez-Badia should have had an evidentiary hearing pursuant to his motion for habeas relief under 28 U.S.C. § 2255. The Supreme Court long ago resolved the issue, however, in a manner that is now part of the Federal Rules of 28 U.S.C. § 2255. Rule 8 of the section 2255 Rules requires the holding of an evidentiary hearing on any disputed factual manner pertinent to the decision of the motion. Once the movant's alleged facts, which if true, would entitle him to relief, a hearing is required to resolve the merits of the actual disputed facts. See Townsend v. Sain, 372 U.S. 213, 312-313, 83 S.Ct. 745, 756-57 (1963). As a result, a hearing is generally required if the motion presents a colorable claim that rises from matters outside the record. See United States v. Magnin, 973 F. 3d 261, 264 (4th Cir. 1992) (hearing necessary "where material facts are in dispute involving inconsistencies beyond the record").

Secondly, the Court committed a procedural error by applying an incorrect sentencing enhancement due to the loss amount being arbitrarily applied.

That was because when determining the amount of loss in a case, section 2B1.1(b)(1) of the Sentencing Guideline provides a table for determining the level of enhancement based on the loss attributable to the offense. The loss calculation "serves as a proxy for the seriousness of the offense and the defendant's relative culpability". Campbell, 765 F.3d at 1301 (quoting U.S.S.G. § 2B1.1 cmt background). In financial fraud cases, the loss calculation often drives the sentence. Se e.g. United States v. Olis, 429 F.3d 540, 545 (5th Cir. 2005). "The most significant determinant of the defendant's sentence is the loss calculation", United States v. Robles, No Cr 04-1594 (B) SCW, 2015 U.S. at Dist. LEXIS 37198, 2015 WL 7383756, at (CO CAL May 19, 2005). "the loss calculation in this case is the primary driver behind the guideline range of more than doubling the offense level and tripling the suggested sentence...". United States v. Faulkenberry, 759 F. Supp 2d 915, (S.D. Ohio 2010)

There are two ways to measure loss under U.S.S.G. § 2B1.1 actual and intended loss, and the Court is instructed to the greater of the two. U.S.S.G. § 2B1.1 cmt in "3(A). In the instant case, the intended loss was used.

However, the problem in this case is that the government lacked a reliable foundation to determine the intended loss amount. They instead made a determination they based upon erroneous assumptions.

The government spun a tale of how they determined the loss amount which had no basis in fact and law. This is critical since the government bears the burden of proving by a preponderance of the evidence actual loss attributable to the defendant's conduct. United States v. Rodriguez, 751 F.3d 1244, 1245 (11th Cir. 2014).

This was not done here and, in fact, what in actuality happened is the government convinced the District Court to "engage in the kind of speculation forbidden by the sentencing guideline". United States v. Bradley, 644 F. 1213, 1292 (11th Cir. 2011). That resulted in this case when the government tried to use the

collapse of The Factor Group on the petitioner and substantiate an undocumented loss amount.

That is inappropriate because this calculation must be based on "reliable and specific evidence" rather than mere speculation. United States v. Ford, 784 F.3d 1386, U.S. Court of Appeals (11th Cir. 2015). To combat the loss claim, petitioner had a substantial amount of evidence to show that the reasons for The Factor Group's collapse was due to many overwhelming origins; the actions of the petitioner being a small cog in the wheel of the grander offense.

Although petitioner did receive a downward variance at sentence based on his age and medical conditions, this was more than offset by the large unsupported loss amount proposed by the government. This steered the Court away from giving a proper sentence.

The Court said "and I won't consider, in fact, The Factor Group Company, won't become insolvent solely as a result of this offense or partially as a result of the offense". (see Sentencing Hearing Transcript; CR-DE 124)

Problem is that the Court then went to the PSI and determined as a sentence loss amount from unsupported estimates. In essence, petitioner's was inappropriately enhanced. This loss amount is plain error and against his constitutional rights.

One cannot disregard the fact that the District Court erred when it failed to rule on the loss amount disputed when done in the case by trial counsel regarding the PSI loss amount, as required by the Federal Rule of Criminal Procedure 32(i)(3)(B), (Rule "32(i)(3)(B)". Rule 32(i)(3)(B) states "at sentencing, the Court...must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute that a ruling is unnecessary either because the matter will not affect sentencing, or because the Court will not consider the matter at sentencing". All rulings under Rule 32 must be "express" or "explicit". United States v. Doe, 705 F3d 1134, 1153 (9th Cir. 2013). (quoting United States v. Houston, 217 F.3d 1204, 1208 (9th Cir. 2000). Rule 32(i)(3)(B) applies when there

is a "specific factual objection" to a presentence report. Unites States v. Petri, 731 F.3d 833, 841 (9th Cir. 2013). It has been held that when a defendant challenges the loss amount calculations for purposes of applying a sentence enhancement, the defendant raises both "a factual and legal dispute". United States v. Berger, 587 F.3d 1038, 1047 (9th Cir.).

Under "plain-error review, reversal is permitted only when there is (1) error that is (2) plain, (3) effects substantial rights and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Flyer, 633 F. 911, 917 (9th Cir. 2011).

That resulted here when petitioner was given a sentence for substantially more than was proper in the circumstances. His rights were directly infringed and as such an evidentiary hearing is necessary to correct the record.

<u>CONCLUSION</u>

Petitioner Sanchez-Badia humbly requests that this Court grant the relief he is requesting to reduce his sentence to time served or any other relief that the Court deems appropriate, including an evidentiary hearing.

The facts and legal arguments in this case more than support this conclusion for the following reasons:

1. This Court does have jurisdiction to entertain this motion since the Federal Rule of Civil Procedure 60(b) gives the Court the power to lift a judgment for any reasons that justify relief;

2. The 60(b) Rule can be invoked to do justice when the prior judgment is extreme or undue hardship as was the situation in the instant case. That exists here due to sixth amendment violations when legal assistance was provided for this case;

3. This motion is not a second or successive 28 U.S.C. § 2255 and therefore does not necessitate approval of the Appellate Court;

4. This motion is timely filed under 60(b), since this motion must be filed within a reasonable time after last motion was denied, which was January 18, 2019.

5. The Supreme Court did in fact grant a 60(b) motion regarding ineffective assistance of counsel in the 2017 case <u>Buck v. United States</u>;

6. Petitioner Sanchez-Badia should have been given an evidentiary hearing since no affidavit alleging effective assistance was provided by his trial cases.  This fact challenges a defect in the integrity of the Federal Habeas decision and as such, a Rule 60(b) is now appropriate.  <u>Gonzalez v. Crosby</u>, (2005);

7. A plain error occurred when the Court determined a loss amount based upon unsupported documentation.

Therefore, based upon the above arguments, Petitioner Sanchez-Badia humbly requests that this Court grant him the relief requested and reduce his current sentence to time served or any other relief the Court deems appropriate, including an evidentiary hearing.

Respectfully submitted,

Date: 04-12-2019

Guillermo A. Sanchez-Badia
Inmate No.: 31054-016

Federal Prison Camp
P.O. Box 779800
Miami, Florida 33177



U.S. POSTAGE PAID
FCM LETTER
MIAMI, FL
33197
APR 18, 19
AMOUNT
$7.00
R2304N117052-45

33128

1020

CERTIFIED MAIL

7011 1570 0002 9091 5233

Willie D. Ferguson Jr.
United States Courthouse
400 N. Miami Ave. Rm. 8N09
Miami, FL 33128

Guillermo Sanchez-Badia 31054016
Federal Prison Camp
P.O. Box 779800
Miami, FL 33177