UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **GUILLERMO A. SANCHEZ-BADIA**         ) | DOCKET NO. 1:17-cv-22171-JAL |
| Petitioner,         ) | (1:15-20545-CR-LENARD-1) |
|         ) | |
| v.         ) | |
|         ) | |
| **UNITED STATES OF AMERICA,**         ) | |
| Respondent.         ) | |
|         ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO RULE 60(b)**

The United States of America, by and through ROBERT ZINK, Acting Chief, Fraud Section, Criminal Division, United States Department of Justice, and WILLIAM H. BOWNE, Fraud Section Trial Attorney, respectfully files a response to Petitioner GUILLERMO A. SANCHEZ-BADIA's motion under Fed.R.Civ.P. 60(b) entered April 22, 2019 (Petitioner's Motion). This opposition, due, May 6, 2019 is timely.

Procedural History

On July 16, 2015, a federal grand jury sitting in Miami, Florida, indicted Guillermo A. Sanchez-Badia (Petitioner) and his co-conspirators (1:15-cr-20545-LENARD) on twenty-four counts including: one count of conspiracy to commit wire fraud (18 U.S.C. § 1349); seven counts of wire fraud (18 U.S.C. § 1343); one count of conspiracy to commit money laundering (18 U.S.C. §1956(h)); and fifteen counts of money laundering (18 U.S.C. § 1956(a) (1) (B) (i)). (Trial Doc. No. 3). Petitioner entered into a plea agreement with the Government (Trial Doc. No. 84). On March 21, 2016, pled guilty to counts one, two, and nine. (Trial Doc. No. 81). The Petitioner's plea agreement contained a waiver of appellate rights including the right to appeal

1

his sentence under 18 U.S.C. §3742 and §2255, except in instances of ineffective assistance of counsel or prosecutorial misconduct. (Trial Doc. No. 84, Par. 11). The Probation Officer calculated a U.S.S.C. Guidelines sentencing range of 188 to 235 months. (Trial Doc. No. 115, Par. 105). On June 9, 2016, Judge Lenard sentenced Petitioner to 144 months of imprisonment after granting defense counsel's request for a downward variance under 18 U.S.C § 3553(a). (Trial Doc. No. 118).

The Petitioner's *Habeas* proceeding has been extensively litigated, contesting the determined loss amount, couched in a claim of ineffective assistance of counsel - one of only two basis permitted under the terms of his plea agreement.  On June 9, 2017, Petitioner, acting *pro se*, filed a §2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 10). Petitioner asserted a single ground for relief, namely that petitioner received ineffective assistance of counsel. *Id* at Par.12. In particular, petitioner alleges that defense counsel failed to present exculpatory evidence, specifically that Petitioner's criminal conduct was not the <u>exclusive cause</u> of The Factor Group's domestic business demise, which would have mitigated sentencing factors relied upon by the court at sentencing and yielded a lesser sentence. *Id.* After receiving the Government's response on November 3, 2017 (Doc. No. 17); Petitioner's Reply on December 21, 2017 (Doc. No. 18); the Report and Recommendations by Magistrate Judge Patrick  A. White on December 14, 2018  (Doc. No. 19) and the Petitioner's Objections to the Magistrate Judge's Report on January 1, 2019 (Doc. No. 20); on January 18, 2019 the Court adopted the Magistrate's Report and denied the Petitioner's 2255 motion (Doc. No. 22) and issued a Final Judgment (Doc. No. 23).  Thereafter on February 7, 2019, the Petitioner filed a Motion for Reconsideration (Doc. No 25) which the Court denied on February 8, 2019 (Doc. No.

27).  On February 13, 2019 the Petitioner filed a Notice of Appeal (Doc. No. 30) which was abandoned for lack of prosecution on March 11, 2019 (Doc. No. 32).

Background

Between February 2007 and December 2012, Petitioner, along with other co-conspirators, conspired to unlawfully enrich themselves by defrauding two private lenders, The Factor Group and Expo Credit, as well as the Export Import Bank, an agency of the United States government. Petitioner and his co-conspirators submitted fraudulent sales and shipping documents in support of fabricated sales, provided the sales invoices as collateral for loans, and then misappropriated loan proceeds for their personal benefit.

The fraud focused on a commercial lending practice referred to as "factoring."  Factoring is a type of commercial financing wherein a merchant sells, at a discount, the right to collect on its accounts receivables requiring future payment to a private lender known as a Factor. The selling merchant receives immediate cash which is available to purchase inventory and increase sales thereby growing the business. Private lenders who specialize in this type of financing are called Factors. Petitioner entered into factoring loan agreements with two Factors, The Factor Group and Expo Credit. Petitioner created volumes of false invoices identifying additional sales and corresponding accounts receivables which were continually sold to the Factors.  Petitioner used a portion of the Factor's proceeds to repay prior factored invoices, in a "*Ponzi*-like" scheme and the remaining funds for the co-conspirators' personal benefit.  The Petitioner had been convicted of an earlier Ex-Im Bank fraud and diverted factor proceeds to pay full restitution in the prior case thereby causing default on some of the previously factored invoices.  Because of the delinquency, the Factors refused to advance any additional funds to the Petitioner. With the Factor lending discontinued, Petitioner reverted back to a previously employed scheme to fund

the *Ponzi* scheme. In support of a loan, Petitioner and his co-conspirators submitted false invoices, purchase orders, and shipping documents to Ex-Im Bank for a purported purchase of telemarketing call center equipment by Fredy Moreno-Beltran, a co-conspirator located in Colombia. The Export Import Bank is an agency of the executive branch of the United States government that promotes the export of U.S. goods to foreign buyers through the guarantee of domestic loans funding the purchase. Petitioner utilized the Ex-Im Bank guaranteed loan proceeds to cure the Factor delinquencies causing the Factors to resume lending to the Petitioner. Moreno-Beltran immediately defaulted on the guaranteed loan, causing the Export Import Bank to suffer a loss by indemnifying the lender. When the Ponzi scheme collapsed, both the Factors and Ex-Im Bank incurred significant losses. According to statements made by the Factor Group's managers to both the Probation Officer and government investigators, the company lost more than seven million dollars and was forced to cease business operations in the United States and Colombia, causing the layoff of approximately 120 employees which was addressed at sentencing.

Argument

In his Motion for (sic) Reduction in Sentence Pursuant to Rule 60(b), the Petitioner alleges that his counsel was ineffective for failing to promote a reduced loss amount while arguing that the Petitioner was not the sole source of The Factor Groups domestic demise. (Pet. Mot. pg. 2). Initially, the Petitioner's challenge to his sentence should be denied as a violation of the terms of his plea agreement wherein he waived the right to appeal his sentence. *See* Trial Doc. No. 84, pg. 6, ¶ 11. Most importantly, the Petitioner both accepted and adopted the represented loss calculation in his plea agreement, ( *Id*. at Pg. 5, ¶ 9(ii)), and his personally

executed Factual Basis (Trial Doc 85, Pg. 6, ¶'s 22 and 23), and any opportunity for challenge has long since passed.

Additionally, the Petitioner neither offers no newly discovered evidence or identifies any manifest injustice that would merit the Court's consideration. Rather the Petitioner is attempting to file a subsequent *habeas* petition in order to re-litigate his length of incarceration, a routine sentencing issue previously decided against him. The Petitioner fails to present an extraordinary miscarriage of justice as required under Rule 60(b).

Standard for Relief under Fed.R.Civ.P. 60(b)

Fed.R.Civ.P. 60(b) [Rule 60(b)] states:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6) any other reason that justifies relief**.

The Petitioner relies on the catchall clause of Rule 60(b)(6) for relief citing *Buck v. Davis*, 137 S.Ct.759, (2017) as precedent. The Petitioner reliance on *Buck* is misplaced. In Buck, the Supreme Court stated, "Relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.' Determining whether such circumstances are present may include consideration

of a wide range of factors, including 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis,* 137 S.CT. 759, 766 (2017) (internal citations omitted). The issue in *Buck,* the improper use of race as propensity evidence for future violence in the sentencing phase of a capital offense was just such an extraordinary event that could cause an injustice to the defendant or undermine the public's confidence in the judicial process. For the Petitioner, no such injustice presents. In *Buck*, the defendant was procedurally barred from raising his claim of ineffective assistance of counsel. *Buck* at 772. However in stark contrast, the Petitioner had his claim of ineffective assistance of counsel fully litigated in his earlier 2255 proceeding and was not subject to any prejudice through a procedural default. Clearly, the Petitioner's second attempt to re-litigate his *habeas* actions is prohibited under 28 U.S.C. § 2244(b)(1) as a second successive claim.

Prior to *Buck*, the courts have recognized that Rule 60 is not the appropriate vehicle to challenge a criminal judgment: *United States v. Fair*, 326 F.3d 1317 (11 Cir 2003) (Rule 60(b) simply does not provide for relief from a judgment in a criminal case); *Altman v. United States*, 271 Fed.Appx. 944 (11 Cir 2008) (Rule 60(b) motion is not the proper motion by which to attack a criminal judgment); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (Same); *United States v. Diaz*, 359 Fed.Appx. 965, 966 (11th Cir. 2010) (Same); United States v. Zuluaga, 192 Fed.Appx. 944, 945 (11 Cir. 2006) (Same). After *Buck*, little has changed in the legal landscape. In their dissent, Justices Thomas and Alito made that clear stating "[t]oday's decision has few ramifications, if any, beyond the highly unusual facts presented here. The

majority leaves entirely undisturbed the black-letter principles of collateral review, ineffective assistance of counsel, and Rule60(b)(6) law that govern the day-to-day operations in federal courts." *Buck* at 781.

In *Buck*, in order to correct a structural deficiency of constitutional magnitude, the Supreme Court recognized that in the most unusual and infrequent case, Rule 60(b)(6) may be used to ensure the constitutionality of a death sentence. Here the Petitioner argues for a lesser term of incarceration without citing to any facts or evidence not previously presented to the Court. Based on the claims presented, the Petitioner's requests are clearly distinguishable on the facts and holdings of *Buck*.

## Conclusion

The Petitioner's failure to prevail in his first *habeas* action cannot again be re-litigated under the guise of a Rule 60(b) motion to vacate his sentence. For the foregoing reasons, the government respectfully requests that the court deny Petitioner's motion for relief under Federal Rules of Civil Procedure Rule 60(b).

Respectfully submitted,

ROBERT ZINK
Acting Chief, Fraud Section, Criminal Division
United States Department Of Justice

\_\_\_\_\_/s/_____
WILLIAM H. BOWNE
Trial Attorney
William.bowne2@usdoj.gov
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW, 4th Floor
Washington, D.C. 20005
(202) 514-0660

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 6, 2019, I served the foregoing Government's Response to Petitioner's Motion for Reduction in Sentence Pursuant to Rule 60(b) by mailing a copy to the Defendant through certified United States Postal Service and addressed as follows:

Legal Mail  
Guillermo A. Sanchez-Badia  
31054-016  
Federal Prison Camp  
P.O. Box 779800  
Miami, FL 33177

                                                           By: __/s/_____  
                                                                William H. Bowne