UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



FILED BY _____ D.C.

MAY 2 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Guillermo A. Sanchez-Badia
Petitioner

v.

Unites States of America
Respondent

Docket No.: 1:17-cv-22171-JAL
(1:15-20545-CR-LENARD-1)

_____/

**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO PETIONER'S MOTION TO REDUCE SENTENCE PURSUANT TO FRCP 60(b)**

The Petitioner, Guillermo A. Sanchez-Badia, pro-se, hereby files his reply to government's response to Petitioner's motion to reduce sentence pursuant to Federal Rule of Civil Procedure 60(b).

**TIMELINESS OF REPLY**

The Petitioner, Guillermo A. Sanchez-Badia's reply was timely filed with the Prison Mail System on May 16, 2019, after receiving the government's response on May 9, 2019, which is within the 14 days of date of receipt.

**LEGAL ARGUMENT**

The government's response is misguided and incorrect since Petitioner did qualify under Federal Rule of Civil Procedure 60(b), which is for any other reason to justify relief.

Although they are correct in stating at the bottom of page 5 when quoting <u>Buck</u> and that the Supreme Court stated, "relief under Rule 60(b)(6) is available only in extraordinary circumstances determining whether such circumstances are present may include consideration of a wide range of factors, including 'the risk of injustice to the parties' and 'the risk of undermining the public confidence in the judicial process'", <u>Buck v. Davis</u>, 137 S. Ct. 759, 766 (2017), they are incorrect on saying that it does not apply in the Petitioner's case.

No question, the case in <u>Buck</u> dealt with the death penalty.  However, the Petitioner is of an advanced age and is suffering from many illnesses, which add up to his sentence for him being comparable to a death sentence.

Moreover, while the government argues that in <u>Buck</u> the defendant argued that he was procedurally barred from raising his claim of ineffective counsel on page 772, they were incorrect since at the end of the opinion the Court stated the following: "for the forgoing reasons, we conclude that <u>Buck</u> has demonstrated *both* ineffective assistance of counsel under <u>Strickland</u> and an entitlement to relief under Rule 60(b)."

This would indicate that ineffective assistance was viable in that case since counsel inappropriately failed to meet the standard of performance of an attorney in a criminal case.

Furthermore, the government failed to respond to all of the Petitioner's issues. Specifically, Petitioner was not given an evidentiary hearing even without an affidavit

from counsel as to why he was not ineffective, as well as when an error was made when the Court determined a loss amount based solely upon unsupported documentation.

These items are both included on his Memorandum of Law relating to his 60(b) and were emphasized as well in the conclusion. The first issue was that the Petitioner should have been given an evidentiary hearing since there was no affidavit alleging effective assistance of counsel. This fact challenges the integrity of the Habeas decision and as such, a Rule 60(b), is now appropriate. The second issue was that a plain error occurred when the court determined a loss amount based upon unsupported documentation.

By not responding, the government simply acquiesced to both issues and in fact, as stated in United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001), it is a well established rule that issues and contentions not timely raised in the briefs are deemed abandoned. United States v. Nealy, 232 F. 825, 830 (11th Cir. 2001). (Parties must submit all issues on appeal in their initial briefs.)Id. (holding that "parties cannot properly raise new issues at supplemental briefing, even if the [new] issues arise based on the intervening decisions or new developments cited in supplementary authority").

What occurred here, followed that trend in that Petitioner raised certain issues in his Memorandum of Law and even highlighted them again in the conclusion. Still,

government refused to answer said claims and instead relied on their incorrect interpretation of <u>Buck</u>.

<u>Buck</u> was reversed by the Supreme Court and the whole purpose of Fed. R. Civ. P. 60(b) is to make an exception of finality.  This occurs here in that the Petitioner was sentenced based on incorrect loss amount which ended up compounding his crime to much more than it actually was.

As noted in the original memorandum of law in the 60(b) motion, one cannot disregard the fact that the District Court erred when it failed to rule on the loss amount disputed which was done in this case by trial counsel regarding the Presentence Report (PSR) loss amount, as required by Federal Rule of Criminal Procedure 32(i)(3)(B).  Rule 32(i)(3)(B) states – "at sentencing, the Court must – for any disputed portion of the pre sentence report or other controverted matter – rule on the dispute that a ruling that is unnecessary either because the matter will not affect sentencing, or because the Court will not consider the matter at sentencing".

In the end, this falls under plain error.  Under "plain-error" error review, reversal is permitted only when there is (1) error that (2) is plain, (3) effects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Flyer</u>, 633 F 911, 917 (11th Cir. 2011).

That occurred here when the trial allowed a distorted loss amount to increase the sentence the Petitioner for substantially more time in the circumstances.  Since his rights were infringed, an evidentiary hearing is necessary to correct the records.

## CONCLUSION

Based upon the above arguments in fact and law, Petitioner Guillermo A. Sanchez-Badia respectfully requests this honorable Court vacate his sentence and credit his sentence the proper amount or in the alternative have an evidentiary hearing to properly assess the loss amount.

Respectfully submitted,

Guillermo A. Sanchez-Badia                    On this ___16th___ day of May, 2019

31054-016

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 16, 2019, I served the foregoing

Petitioner's Reply to government's response to Petitioner's Motion for Reduction in

Sentence Pursuant to Rule 60(b) by mailing a copy to the respondent through United

States Postal Services and addressed as follows:


Legal Mail
William H. Bowne
United States Department of Justice
1400 New York Avenue, NW, 4th Floor
Washington, DC 20005

Guillermo A. Sanchez-Badia                    On this _16TH_ day of May, 2019

31054-016



Guillermo A. Sanchez-Badia
Federal Prison Camp
P.O. BOX 779800
Miami, Florida 33177

5-17-19

Legal mail

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS NEITHER BEEN OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR ... OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, ...

United States District Court
Room 8 No. 9
401 N. Miami Avenue
Miami, FL 33128-7718